NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
RAHIM R. CALDWELL,                  :
                                    :
          Plaintiff,                :   Civil No. 08-1591 (RMB)
                                    :
     v.                             :
                                    :
PLEASANTVILLE MUNICIPAL COURT,      :
PLEASANTVILLE,                      :
                                    :
          Defendants.               :
_____ :
                                    :
RAHIM R. CALDWELL,                  :
                                    :
          Plaintiff,                :   Civil No. 08-1592 (RMB)
                                    :
     v.                             :
                                    :
VINELAND MUNICIPAL COURT,           :
CITY OF VINELAND,                   :
                                    :
          Defendants.               :
_____ :
                                    :
RAHIM R. CALDWELL,                  :
                                    :
          Plaintiff,                :   Civil No. 08-1593 (RMB)
                                    :
     v.                             :
                                    :
VINELAND MUNICIPAL COURT,           :
CITY OF VINELAND,                   :
                                    :
          Defendants.               :
_____ :

1

| | | |
|---|---|---|
| RAHIM R. CALDWELL, | : | |
| Plaintiff, | : | Civil No. 08-1594 (RMB) |
| v. | : | |
| CUMBERLAND COUNTY SHERIFFS DEPARTMENT, CUMBERLAND COUNTY, VINELAND POLICE DEPARTMENT, CITY OF VINELAND, | : | |
| Defendants. | : | |
| RAHIM R. CALDWELL, | : | |
| Plaintiff, | : | Civil No. 08-1595 (RMB) |
| v. | : | |
| HAMILTON TOWNSHIP MUNICIPAL COURT ATLANTIC COUNTY, TOWNSHIP OF HAMILTON, | : | |
| Defendants. | : | |
| RAHIM R. CALDWELL, | : | |
| Plaintiff, | : | Civil No. 08-1596 (RMB) |
| v. | : | |
| VINELAND MUNICIPAL COURT, CITY OF VINELAND, | : | |
| Defendants. | : | |

```
RAHIM R. CALDWELL,               :
                                 :
           Plaintiff,            :    Civil No. 08-1597 (RMB)
                                 :
v.                               :    OPINION
                                 :
VINELAND MUNICIPAL COURT,        :
CITY OF VINELAND,                :
                                 :
           Defendants.           :
                                 :
```

This Court has reviewed each application for leave to proceed in forma pauperis and finds that Mr. Caldwell, based upon his affidavit information, is unable to afford the filing fee. Accordingly, his applications are granted pursuant to 28 U.S.C. §1915(a), and the Clerk of the Court will be directed to file the Complaint in each of the above matters.

When a complaint is filed in forma pauperis under Section 1915, as in these cases, the Court is directed to preliminarily review the allegations of the complaint and to dismiss the case if the Court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted or seeks monetary relief against the defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In reviewing each Complaint, the Court assumes that Mr. Caldwell's factual allegations are true and determines whether such facts, if proved, would entitle him to the relief that he

seeks.  Plaintiff's entire claims in each case are as follows:[1]

<u>Civil No. 08-1591</u>

Prose Plaintiff Rahim R. Caldwell claims on 10-25-07 the defendants violated prose plaintiffs 8th amendment right by setting $500 full cash no 10% Bail on 2c:33-2A(1), a petty disorderly persons offense, when under this charge the bail range is $100 to $500 10% Bail.

The defendants also violated plaintiffs 4th amendment right by issuing a warrant without probable cause. Prose plaintiff requests a trial by Jury.

<u>Civil No. 08-1592</u>

Prose plaintiff rahim r. Caldwell claims on 12-21-06 the defendants violated prose plaintiffs 8th amendment right by setting a $500 cash no 10% bail on 2C:33-2A, a petty disorderly persons offense, when under NJ bail procedures on this charge the bail range is $100 to $500 10% Bail. Defendants also violated prose plaintiffs 4th amendment right by issuing a warrant without probable cause. Prose plaintiff requests a trial by Jury.

<u>Civil No. 08-1593</u>

Prose plaintiff Rahim R. Caldwell claims on 12-22-06 the defendants violated prose plaintiffs 8th amendment right by setting a $2500 cash no 10% bail on 2C:12-1A(3), a disorderly persons offense, when under NJ Bail procedures on this charge the bail range is $500 to 2500 10% Bail. Defendants also violated prose plaintiffs 4th amendment right by issuing a warrant without probable cause. Prose plaintiff requests a trial by Jury.

<u>Civil No. 08-1594</u>

Prose plaintiff Rahim R. Caldwell claims on the 5th day of December 2007 the Defendants violated prose plaintiffs 4th amendment right by illegally entering a location not on warrant, searched the location, seized

---

[1] The Court has set forth Plaintiff's claims exactly as he has stated and typed them.

plaintiff and told plaintiff they had a warrant to enter said location. The address on warrant: 1299 east Cornell Street, not the same location where prose plaintiff was seized. The date on the warrant is 11/8/2007. Prose plaintiff claims their actions therefore violated prose plaintiffs 4th amendment right. Prose plaintiff requests a trial by jury.

<u>Civil No. 08-1595</u>

Prose plaintiff Rahim R. Caldwell claims on 10-10-07 the defendants violated prose plaintiffs 8th amendment right by setting $2500 cash bail on 2C:29-1B, a disorderly persons offense, when under NJ bail procedures on this charge the bail range is $500 to $2500 10% Bail. Defendants also violated prose plaintiffs 4th amendment right by issuing a warrant without probable cause. Prose plaintiff requests a trial by Jury.

<u>Civil No. 08-1596</u>

Prose plaintiff Rahim R. Caldwell claims on 12-7-07 the defendants violated prose plaintiffs 8th amendment right by setting a $2500 cash no 10% bail on 2c:33-2A, a petty disorderly persons offense, when under NJ bail procedures on this charge the bail range is $100 to $500 10% bail. Defendants also violated prose plaintiffs 4th amendment right by issuing a warrant without probable cause. Prose plaintiff requests a trial by jury.

<u>Civil No. 08-1597</u>

Prose plaintiff Rahim R. Caldwell claims on 8-24-07 the defendants violated prose plaintiffs 8th amendment right by setting a $2500 full cash no 10% bail on 2C:33-2A(2), a petty disorderly persons offense, when under NJ bail procedure on this charge the Bail Range is $100-$500 10% bail. Defendants also violated prose plaintiffs 4th amendment right by issuing a warrant without probable cause. Prose plaintiff requests a trial by Jury.

In each case, Plaintiff asserts constitutional violations under the Fourth and Eighth Amendments. Generally, a claim is

not enforceable directly under the Constitution, but rather the procedural vehicles of 42 U.S.C. § 1983 and other civil rights statutes. Gonzaga University v. Doe, 536 U.S. 273, 284-85 (2002). Construing Plaintiff's pleadings liberally, this Court interprets Plaintiff's Complaints to allege constitutional violations under 42 U.S.C. § 1983.

To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

The law is well-settled that a section 1983 claim may be brought only against a "person." See, e.g., Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). Here, Plaintiff's claims against each of the municipal courts must be dismissed because they are not "persons" capable of being sued under section 1983. Plaintiff's claims against the Cumberland County Sheriff's Department and Vineland Police Department must also be dismissed because such entities are not "persons" capable of being sued under section 1983.

In addition, local government units generally are not liable

under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n. 8 (1985); Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). Here, Plaintiff's claims against the municipalities must be dismissed because Plaintiff makes no claim legally cognizable.

Accordingly, this Court finds that each of the above Complaints fails to state a claim upon which relief can be granted, and each Complaint shall be dismissed under 28 U.S.C. § 1915(e)(2).

An accompanying Order will be entered in each case.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: April 4, 2008